In re GAS VENT PIPE ANTI-
TRUST LITIGATION.

No. 171.

Judicial Panel on Multidistrict Litigation.

July 31, 1974.

Proceedings were instituted on application for transfer of actions in multi-district litigation. The Judicial Panel on Multidistrict Litigation held that actions involving an alleged conspiracy among pipe producers to fix prices for gas vent pipe in violation of federal antitrust laws involved common questions of fact, justifying transfer of actions pending in Central District of California to Northern District of California; that issue of propriety of transfer of action from Central District of California to Northern District of California was not moot although all actions pursuant to designation were currently before same judge; and that even though either Northern or Central District of California could be described as appropriate transferee form, balance favored Northern District of California, where majority of actions were already pending in that district and it appeared that pretrial proceedings in those actions had progressed further than those in actions in central district.

Order accordingly.

1. Courts ⇐277.2

Actions involving an alleged conspiracy among pipe producers to fix prices for gas vent pipe in violation of federal antitrust laws involved common questions of fact, justifying transfer of actions pending in Central District of California to Northern District of California to best serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

2. Courts ⇐277.2

Issue of propriety of transfer of actions, in multidistrict litigation, from Central District of California to Northern District of California, was not moot although all actions pursuant to designation were currently before same judge, where possibility existed that additional actions with similar allegations might be filed in jurisdictions not encompassed within Circuit, and thus transfer order would insure that all tag-along actions would also be assigned to same judge. 28 U.S.C.A. §§ 292(b), 1407.

3. Courts ⇐277.2

Even though either Northern or Central District of California could be described as appropriate transferee forum, balance favored Northern District of California, where majority of actions were already pending in that district and it appeared that pretrial proceedings in those actions had progressed further than those in actions in Central District. 28 U.S.C.A. § 1407.

---

OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

This litigation consists of three actions in the Northern District of California and two in the Central District of California involving an alleged conspiracy among pipe producers to fix prices for gas vent pipe in violation of the federal antitrust laws. Plaintiffs in each action purport to represent a class of purchasers or users of gas vent pipe and each defendant pipe producer in the Los Angeles actions is also a defendant in one or more of the San Francisco actions.

---

* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

[1] Defendants in one of the actions pending in the Central District of California move the Panel for an order transferring the two actions pending in that district to the Northern District of California pursuant to 28 U.S.C. § 1407. No party opposes transfer, but certain Los Angeles plaintiffs contend that the Central District of California is the most appropriate transferee forum. We find that these actions raise common questions of fact and that transfer of the actions pending in the Central District of California to the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

[2] Pursuant to 28 U.S.C. § 292(b), the Chief Judge of the Ninth Circuit designated Judge William Matthew Byrne, Jr., who is assigned the Los Angeles actions, to sit in the Northern District of California to also handle all the companion actions in that district for purposes of pretrial proceedings and trial. Although all parties agree that the criteria for transfer of these actions under Section 1407 are clearly satisfied, Los Angeles plaintiffs suggest that, since all the actions are now before one judge, the issue of the propriety of a Section 1407 transfer is moot. This argument, however, fails to recognize the possibility that additional actions with similar allegations might be filed in jurisdictions not encompassed within the Ninth Circuit. Thus, an order at this time pursuant to Section 1407 will ensure that all tag-along actions will also be assigned to Judge Byrne. See In re IBM Peripheral EDP Devices Antitrust Litigation, 375 F.Supp. 1379 (Jud.Pan.Mult. Lit., 1974). In addition, a Section 1407 order will clearly establish Judge Byrne's power to conduct joint pretrial conferences amongst all parties and to coordinate or consolidate the litigants' pretrial programs as he sees fit.

[3] The parties disagree over which district is the most appropriate transferee district for this litigation. Either the Northern or Central District of California could be described as the appropriate transferee forum, but on balance we favor the Northern District of California. The majority of the actions are already pending in that district and it appears that the pretrial proceedings in those actions have progressed further than those in the actions in the Central District.

It is therefore ordered that the actions listed on the attached Schedule A pending in the Central District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William Matthew Byrne, Jr., sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions already pending in that district and listed on Schedule A.

### SCHEDULE A

**Northern District of California**

| | |
|---|---|
| University Mechanical & Engineering Contractors, Inc., et al. v. American Metal Products Corp., et al. | Civil Action No. C-71-949-SAW |
| Balmac, Inc. v. American Metal Products Corp., et al. | Civil Action No. C-71-950-SAW |
| Control'd Climate Distributors, Inc. v. American Metal Products Corp., et al. | Civil Action No. C-74-221 |

**Central District of California**

| | |
|---|---|
| American Housing Guild, et al. v. American Metal Products Corp., et al. | Civil Action No. C-73-2445 |
| Edwards Supply Co. v. American Metal Products | Civil Action No. CV-74-748-R |